**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**James Prebish,**

**Plaintiff,**

**v.**

**CSC Credit Services, Inc.,**
**Equifax Credit Services, and**
**First USA Bank, N.A.,**

**Defendants.**

**Civil No. 01-1510 (JMR/SRN)**

**ORDER**

---

Thomas J. Lyons, Esq. and Thomas J. Lyons, Jr., Esq., on behalf of Plaintiff.

Lianne Knych, Esq. and Charles F. Webber, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on December 10, 2001, on Defendant CSC Credit Services, Inc.'s Motion to Stay the Present Matter Pending Resolution of Plaintiff's Arbitration with First USA (Doc. No. 15).

This Order addresses that Motion.

## I. DEFENDANT'S MOTION TO STAY.

### A. Factual Background.

On August 14, 2001, Plaintiff brought claims against CSC Credit Services, Inc. (CSC), Equifax Credit Services (Equifax), and First USA Bank, N.A. (First USA) for defamation, and for violation of the Fair Credit Reporting Act (FCRA), by reporting inaccurate, negative credit information about Plaintiff concerning a First USA account. First USA had reported to CSC that

FILED DEC 11 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

it had charged off an account in Plaintiff's name, because he had failed to pay his account balance. Plaintiff claims that he was not responsible for the balance on his First USA account, because a convenience check had been stolen from him. Although Plaintiff notified First USA of the error with his account, First USA continued to report negative credit information about him. Plaintiff also disputed the First USA account with CSC. CSC subsequently contacted First USA, which verified that the account belonged to Plaintiff.

Plaintiff has a written arbitration agreement with First USA, which required him to arbitrate any dispute relating to his First USA account. Consequently, on September 24, 2001, First USA served Plaintiff with a motion to dismiss, and to compel arbitration of his claims. Plaintiff did not contest the motion, and on October 18, 2001, Plaintiff and First USA filed a stipulation of dismissal. The Court then dismissed, without prejudice, Plaintiff's claims against First USA. None of Plaintiff's claims against Defendants CSC and Equifax are subject to the written arbitration agreement.

**B. Discussion.**

"Section 3 of the Federal Arbitration Act provides that the district court shall stay the trial of an action brought 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" Aggrow Oils, L.L.C. v. National Union Fire Ins., 242 F.3d 777, 780 (8th Cir. 2001) quoting 9 U.S.C. § 3. "Section 3 requires a court to grant a request for a stay of proceedings pending arbitration when two conditions are met: '(1) the issue is one which is referable to arbitration under an agreement in writing for such arbitration, and (2) the party applying for the stay is not in default in proceeding with such arbitration.'" Webb. v. R. Rowland & Co., Inc., 800 F.2d 803, 808 (8th Cir. 1986) quoting C. Itoh & Co. v. Jordan International Co.,

552 F.2d 1228, 1231 (7th Cir.1977). Section 3 "is broad enough to permit the stay of litigation between nonarbitrating parties as long as that lawsuit is based on issues referable to arbitration under an arbitration agreement governed by the Arbitration Act." Contracting Northwest, Inc. v. City of Freedricksburg, 713 F.2d 382, 387 (8th Cir. 1983).

"The decision to stay the remaining nonarbitrable claims, pending the outcome of arbitration, is soundly vested in the District Court's discretionary authority to control its docket." Simitar Entertainment, Inc. v. Silva Entertainment, 44 F.Supp.2d 986, 997 (D. Minn. 1999) citing Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 21 n. 23 (1983); Summer Rain v. Donning Company/Publishers, Inc., 964 F.2d 1455, 1461 (4th Cir. 1992).

Defendant states that Plaintiff's claims against it and against First USA all relate to Plaintiff's First USA account, and whether First USA was reporting accurate credit information. Hence, Defendant argues, "Prebish's lawsuit against CSC is clearly based upon issues that are referable under the First USA arbitration agreement." From this assertion, Defendant concludes that the Court should stay the present lawsuit. Defendant cites Contracting Northwest, and City of Bismarck v. Toltz, King, Divall, Anderson and Assoc., Inc. 767 F.2d 429 (8th Cir. 1985), as support for its conclusion.

In addition, Defendant states that if the Court does not stay the present suit, there is the possibility of inconsistent results. It explains that "the arbitrator could make one ruling regarding whether Prebish really was the victim of a crime or whether First USA made reasonable investigation when it verified to CSC that the account at issue was Prebish's, and the jury could make the opposite ruling." Finally, Defendant states that Plaintiff will not be prejudiced by staying the present suit, because the arbitration is likely to proceed quickly. Therefore,

Defendant concludes that the Court should stay the present suit.

Plaintiff responds that the Court should not stay the present suit. Plaintiff asserts that the claims against Defendant are not referable to arbitration under a written agreement. He explains that there is no written arbitration agreement between himself and Defendant, and the written agreement between himself and First USA applies only to disputes between them. Therefore, the Federal Arbitration Act can not be invoked to stay the present suit.

Plaintiff also distinguishes the "construction cases" of Contracting Northwest, and City of Bismarck. Plaintiff argues that both those cases involved a theory of vicarious liability, or a derivative claim, that is unique to the construction industry. In such cases, Plaintiff explains, a subcontractor's work might be attributable to the contractor. Hence, different claims against separate defendants actually concern a single issue, and a common set of facts. As a result, if the claims against the contractor are referable to arbitration, it is appropriate to stay the claims against the other defendants pending resolution of the arbitration.

Unlike the construction cases, Plaintiff asserts, separate provisions of the FCRA govern the claims against Defendant and against First USA. Plaintiff explains that Defendant has a duty under 15 U.S.C. § 1681e(b) to maintain reasonable procedures to ensure the maximum possible accuracy of its credit reports, and a duty under 15 U.S.C. § 1681i(a) to conduct a reasonable and independent investigation of Plaintiff's alleged fraud. Therefore, Plaintiff maintains that his claims against Defendant are "different claims that will not be resolved in the arbitration between Plaintiff and First USA."

Plaintiff also states that the Court should not exercise its inherent authority to stay the present case. Plaintiff is currently disputing issues of arbitration fees with First USA, and

consequently, arbitration has not yet been scheduled. Further, Plaintiff states that the fees dispute may eventually return the matter to the Court. Therefore, there is no predictable date for resolution of the First USA claims.

Moreover, Plaintiff again emphasizes that his claims against Defendant do not derive from his claims against First USA. He explains that "these duties exist independent of First USA's actions. The jury in the case against Defendants CSC and Equifax will not be asked whether First USA made a reasonable investigation. Therefore, there is no possibility of inconsistent results."

The Court denies Defendant's motion. There is no written arbitration agreement between Plaintiff and Defendant. Therefore, there is no mandatory stay under the Federal Arbitration Act. Further, the "construction cases" are factually distinguishable from the present case, and the Eighth Circuit's conclusion in those cases does not mandate that the Court stay the present case. In both of the "construction cases", problems arose with the subcontractor's performance under the contract, and the city sued the general contractor, subcontractor, and bonding company. Thus, all the parties' potential liability depended on the same facts surrounding the subcontractors' performance.

In the present case, however, Defendant is being sued under separate provisions of the FCRA, and its liability does not depend on a finding that First USA behaved unreasonably. The Court acknowledges that there are some facts that overlap both the claims against First USA and Defendant. But they do not predominate, and are not sufficient to justify staying the present suit.

Further, judicial economy will not be served by staying the suit. The arbitration itself has not yet been scheduled, and it is not clear yet when that will occur. Hence, any stay would have

to be for an entirely indefinite amount of time. Such a situation would not help the Court control its docket, nor would it benefit the parties involved.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendant CSC Credit Services, Inc.'s Motion to Stay the Present Matter Pending Resolution of Plaintiff's Arbitration with First USA (Doc. No. 15) is **DENIED**.

Dated: December 11, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge